DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mark Rinkel, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, denying his motion to set aside a magistrate's order. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Donna Rinkel, were divorced on January 13, 2003. During their marriage, the parties had two children. As a result, in the final decree, Appellant was ordered to pay child support and to pay for the cost of medical insurance and out-of-pocket medical expenses for the children. On April 8, 2004, Appellee filed a motion to modify support, alleging that Appellant's income had substantially increased. The trial court referred the matter to a magistrate.
 {¶ 3} On April 7, 2005, the magistrate held a hearing on Appellee's motion. During the hearing, the magistrate determined that Appellant had not complied with an earlier trial court order that granted Appellee's motion to compel certain financial documents. As a result, the magistrate recessed the hearing and ordered Appellant to return to his home and then bring the documents back to the court. Upon resuming the hearing, the magistrate was informed that the parties had reached an agreement on all the outstanding issues. Thereafter, the terms of the agreement were placed on the record. Both Appellant and Appellee acknowledged that they accepted the terms of the agreement. Later that day, the magistrate journalized his decision finding that the parties had reached an agreement.
 {¶ 4} On April 14, 2005, Appellee's counsel prepared an agreed journal entry and submitted it to the trial court and to Appellant. On April 18, 2005, the trial court accepted the entry. Appellant did not sign the entry, nor did he raise formal objections to the entry. However, on April 18, 2005, Appellant filed a motion to set aside the magistrate's decision and raised objections to the magistrate's decision. The trial court denied Appellant's motion and overruled his objections. Appellant timely appealed the trial court's judgment, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADOPTING THE AGREED JUDGMENT ENTRY SUBMITTED BY APPELLEE'S COUNSEL IN VIOLATION OF ITS OWN LOCAL RULES OF COURT UNDER CIRCUMSTANCES WHERE THERE WAS DEMONSTRABLE PREJUDICE TO APPELLANT."
 {¶ 5} In his first assignment of error, Appellant contends that the trial court erred when it accepted the agreed judgment entry prepared by Appellee's counsel in contravention of the court's local rules. Specifically, Appellant asserts that he was not given the requisite time period to raise objections to the entry. We find that Appellant's assertion lacks merit.
 {¶ 6} Appellant has asserted that Appellee and the trial court failed to comply with Medina County Domestic Relations Loc.R. 8.01 which provides as follows:
"Except as otherwise provided, the Court may order or direct either party or counsel to prepare and present for journalization a judgment entry. Such party or counsel shall prepare a proper entry and submit same to the opposing party or counsel. The opposing party or counsel shall have five (5) days to approve or reject the judgment entry. In the event of rejection, the opposing party or counsel shall file with the Court, at the time of such rejection, either a written statement of the objections to the proposed entry or that party's own proposed entry. This subsection shall not apply to uncontested matters where the opposing party has made no answer or appearance, or dissolutions of marriage.
"Upon the failure of the opposing party or counsel to approve or reject any submitted judgment entry as provided, the preparer of the entry may unilaterally present the entry to the Court for journalization with a certification thereon that the provisions of Loc. R. 8.01 have been complied with."
Appellant argues that Appellee's agreed judgment entry was accepted by the trial court prior to the expiration of his five-day period to object and that Appellee failed to comply with the certification provision.
 {¶ 7} However, "[e]ven if this Court were to assume that the trial court failed to follow its own local rule and that such failure constituted error, [Appellant] has the burden, not only of showing error, but of showing prejudice resulting from that error." In re J.B., 9th Dist. Nos. 03CA0024-M 03CA0025-M, 2003-Ohio-4786, at ¶ 16. In an attempt to meet his burden, Appellant argues that if he had been given the opportunity to review the agreed judgment entry, he would have disputed his responsibility for 100% of the medical insurance and uncovered medical bills. With the record before this Court, we find that such an argument lacks merit.
 {¶ 8} The parties herein were divorced on January 13, 2003. In the initial divorce decree, Appellant was required to pay 100% of the medical insurance costs and uncovered medical bills for the children. Appellant has never sought to modify that provision. Further, in the agreed judgment entry, Appellant's obligation regarding these items is restated verbatim from the parties' initial divorce decree.
 {¶ 9} Appellant's assertions are also undermined by his own conduct in open court. At the hearing on Appellee's motion to modify child support, the court noted as follows:
"Okay. We are back in the record. Everyone is present. It's my understanding the parties have reached an agreement resolvingall issues." (Emphasis added.)
On the record, the parties then indicated that Appellant would pay child support in the amount of $1,850 per month. The parties also agreed on a schedule for Appellee to have telephone conversations with the children and further agreed that Appellant would be responsible for the court costs associated with the motion. The Court then inquired of Appellant whether the resolution was acceptable to him. The following colloquy took place:
Appellant: "It's acceptable to me, your Honor, right now.
The Court: "Yes, but I put it on the record because it has to be acceptable with you tomorrow and if there's a problem — Appellant: "It's acceptable to me as it is right now, yes, it is. Yes, it is acceptable."
 {¶ 10} Based upon the above, we are not persuaded that Appellant has demonstrated prejudice. The issue of medical insurance and uncovered medical bills has not been raised in more than three years of divorce proceedings. Additionally, Appellant's responsibility for those payments was established on April 13, 2003 and has never been challenged. Accordingly, we find Appellant has not met his burden in demonstrating prejudice. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SET ASIDE WHEN SUCH MOTION WAS TIMELY FILED, WHERE THERE WAS NO LEGITIMATE AGREED JUDGMENT ENTRY AND WHERE SIGNIFICANT ERROR WAS ESTABLISHED IN CONNECTION WITH THE ISSUANCE OF THE MAGISTRATE'S ORDER."
 {¶ 11} In his final assignment of error, Appellant contends that the trial court erred in denying his motion to set aside the magistrate's order and overruling his objections to the order which found that the parties had agreed to modify his child support obligation. This Court disagrees.
 {¶ 12} We begin by noting that Appellant is correct in his assertion that his objections to the magistrate's decision were timely filed. Civ.R. 53(C)(3)(b) governs Appellant's time period for filing objections to the magistrate's order which regulated the proceedings and required counsel to file an agreed journal entry. Civ.R. 53(C)(3)(b) provides that a party shall have ten days in which to file a motion to set aside an order and objections to that order. The magistrate's decision was journalized on April 7, 2005. Appellant filed his objections on April 18, 2005, outside the time period allowed by Civ.R. 53(E)(3)(a). However, April 17, 2005 was a Sunday. Accordingly, Civ.R. 6(A) operated to extend Appellant's deadline until the following day. As Appellant filed his objections the following day, his filing was timely.
 {¶ 13} However, in addition to finding Appellant's motion and objections untimely, the trial court found his objections to lack merit because Appellant had agreed in open court to the resolution provided in the agreed journal entry. We find no error in the trial court's conclusion.
 {¶ 14} A trial court's decision whether or not to adopt a magistrate's decision is reviewed by this Court under the abuse of discretion standard. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093, at *2. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's * * * proposed decision." Id. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 15} Appellant asserts that the trial court erred in overruling his objections on several grounds. First, he asserts that the trial court should have been placed on notice that the parties had not resolved all of the issues surrounding Appellee's motion because Appellant had not signed the agreed journal entry. We disagree. In his argument, Appellant reiterates that the parties did not discuss medical insurance and uncovered medical costs at the hearing. As noted above, however, during the hearing on Appellee's motion, Appellant agreed that the parties had resolved all of the issues presented and had reached an agreement on them. Further, at no time during the divorce proceedings, has Appellant ever sought to modify his obligation to pay for the above items.
 {¶ 16} Appellant further argues that the trial court erred because it failed to take notice that Appellee had "improperly calculate[d] child support under the current statutory framework." Appellant argues additionally that the magistrate was required to place on the record his reasons for deviating from the child support guidelines. We find that both of Appellant's assertions lack merit.
 {¶ 17} In support of his argument, Appellant relies upon R.C.3119.22. Based upon the facts presented, we find R.C. 3119.22 to be inapplicable. R.C. 3119.22 requires the trial court to make certain findings if it decides to deviate from the child support guidelines. In the instant matter, the trial court did not make such a decision. The parties themselves agreed to depart from the guidelines. Appellant agreed to pay $1,850 per month in child support. The fact that such an agreement may make it more difficult for Appellant to modify support does not alter the fact that he agreed to the terms in open court.[1]
 {¶ 18} Finally, Appellant asserts that the trial court erred in overruling his objections because he demonstrated that the magistrate denied him due process. We disagree.
 {¶ 19} A review of the record reveals that the magistrate acted well within his discretion. Upon finding that Appellant had failed to comply with the trial court's motion to compel, the magistrate ordered Appellant to comply immediately and permitted him time to leave the court to retrieve necessary documents. After a recess, Appellant indicated in open court that he and Appellee had reached an agreement on the outstanding issues. There is no support in the record for Appellant's contentions that he was unable to present evidence in support of his case; nor is there any evidence to suggest that Appellant's agreement to the terms discussed in court was the result of duress. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Boyle, J. concur.
[1] While Appellant urges that improper figures were utilized in the child support worksheet which will impede his ability to modify support, we are not persuaded by such an argument. The parties never litigated the issue of Appellant's income. Res judicata, therefore, would not serve to preclude Appellant in the future from arguing his income for the time period in question. See, generally, C.D.S., Inc. v. Gates Mills (1986),26 Ohio St.3d 166, 170.