[Cite as *Deassis v. Deassis*, 2016-Ohio-634.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

LUIS ROBERTO DEASSIS,                      CASE NO. 9-15-41

    PETITIONER-APPELLEE,

    v.

TOMMIE C. BLACKLEDGE DEASSIS,        O P I N I O N

    PETITIONER-APPELLANT.

Appeal from Marion County Common Pleas Court
Family Division
Trial Court No. 15-DR-0190

**Judgment Affirmed**

**Date of Decision:  February 22, 2016**

APPEARANCES:

    *Clifford C. Spohn* **for Appellant**

    *Delilah Nuñez* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Appellant Tommie C. Blackledge Deassis ("Tommie") brings this appeal from the judgment of the Court of Common Pleas, Family Division granting dissolution of marriage and deviating from the child support calculations as agreed to by the parties. For the reasons set forth below, the judgment is affirmed.

{¶2} Appellee Luis R. Deassis ("Luis") and Tommie were married on March 21, 2000. Doc. 1. During the marriage, two children were born and both were minors at the time the parties petitioned for dissolution of the marriage. *Id*. On August 17, 2015, Luis and Tommie filed a joint petition for dissolution of marriage and indicated that they had reached an agreement providing for a full and complete settlement of all rights and responsibilities arising out of the marriage. *Id*. The Separation Agreement was also filed with the trial court. Doc. 2. Luis and Tommie also jointly filed a joint shared parenting plan on that same day. Doc. 4. Section 7 of the agreement addresses child support by Luis. *Id*. The plan stated as follows.

> **1. Father's child support obligation shall be $0.00 per month, plus processing charge, which is a deviation from Ohio guidelines. The parties acknowledges [sic] that if Father were to pay guideline support to Mother, then Father's obligation would be $468.81, per child, per month, plus 2% processing charge, for a total of $956.36 per month. The parties agree that the aforementioned guideline child support obligation is unjust, inappropriate and not in the best interests of the minor child**

> **[sic] sue [sic] to the current parenting time schedule and incomes
> of the parents.**

*Id.* at 8. Additionally, a similar provision was repeated regarding Luis' obligation if he was not providing private health insurance. *Id.* at 9. Both parties signed the shared parenting plan on August 11, 2015. *Id.* at 15. The parties agreed to have the petition heard by a retired judge. Doc. 15.

{¶3} On September 24, 2015, a hearing was held on the joint petition. Doc. 18. Both parties indicated that they had read the separation agreement, including the shared parenting plan, had no questions concerning the agreement, and were satisfied with it. Tr. 4-5. Tommie indicated that she believed the agreement concerning her children was in their best interest. Tr. 5. The trial court then found that the parties were satisfied with the terms of the separation agreement, incorporated it into the judgment entry and granted the dissolution of marriage petition on September 28, 2015. *Id.* The trial court also approved the agreed decree of shared parenting filed by the parties and incorporated it into its judgment. Doc. 19. The parties signed the decree as well. *Id.* Along with the decree, the trial court filed its findings of fact and conclusions of law as to the child support deviations. Doc. 20. In the entry, the trial court indicated that "due to the parties parenting schedule and income, the guideline amount of child support and cash medical support" would not be in the best interests of the children. *Id.* These findings were taken directly from the agreement of the

parties. Doc. 4 at 8. This entry was approved and signed by the parties as well. Doc. 20.

{¶4} On October 22, 2015, Tommie filed an appeal from the judgment of the trial court. Doc. 23. Tommie alleges the following assignments of error on appeal.

**First Assignment of Error**

**The court erred in finding that the statutory guidelines calculated amount was not in the best interest of the parties' two minor children.**

**Second Assignment of Error**

**The court erred in determining that the nonresidential parent would make a significant contribution "in kind" to support a deviation from the statutory guidelines.**

**Third Assignment of Error**

**The court failed to specify sufficient facts supporting a deviation from the guidelines in its finding of facts and law.**

**Fourth Assignment of Error**

**The court's decision was not supported by any monetary value assigned to any factors allowing a deviation from the guidelines.**

{¶5} As all four assignments of error deal with whether the trial court erred in granting the shared parenting plan as agreed upon by the parties that provided for a deviation in child support, we will address them together.

{¶6} The trial court obtains its authority to grant a petition of dissolution of marriage from R.C. 3105.65, which states in pertinent part as follows.

> **(B)  If, upon review of the testimony of both spouses and of the report of the investigator pursuant to the Rules of Civil Procedure, the court approves the separation agreement and any amendments to it agreed upon by the parties, it shall grant a decree of dissolution of marriage that incorporates the separation agreement.  If the separation agreement contains a plan for the exercise of shared parenting by the spouses, the court shall review the plan in accordance with the provisions [R.C. 3109.04(D)(1)] that govern the review of a pleading or motion requesting shared parenting jointly submitted by both spouses to a marriage.**

R.C. 3105.65.  A petition for dissolution where there are minor children involved, must include an allocation of parental rights and responsibilities for the care of the minor children and provisions for child support as part of the separation agreement.  R.C. 3105.63(A)(1).  This provision may be a shared parenting plan. *Id*.  When both parents make a joint request for shared parenting, the court is required to do the following.

> **(i) If both parents jointly make the request in their pleading or jointly file the motion and also jointly file the plan, the court shall review the parents' plan to determine if it is in the best interest of the children.  If the court determines that the plan is in the best interest of the children, the court shall approve it.  If the court determines that the plan or any part of it is not in the best interest of the children, the court shall require the parents to make appropriate changes to the plan to meet the court's objections to it. * * ***

R.C. 3109.04(D)(1)(a). A trial court's determination of custody may only be reversed upon a showing that the trial court abused its discretion. *Brammer v. Brammer*, 3d Dist. Marion No. 9-12-57, 2013-Ohio-2843, ¶ 13. Additionally, an entry agreed upon by both parties in a domestic relations action is essentially a contract between the parties and contract rules apply. *Bremer v. Bremer*, 5th Dist. Licking No. 08-CA-64, 2009-Ohio-176, ¶ 33.

{¶7} A trial court may order a deviation from the amount of child support calculated on the applicable worksheet. R.C. 3119.22 However, if the trial court does deviate, it must enter into the record the amount of child support calculated, a determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact that support that determination. *Id*. The Ninth District Court of Appeals of Ohio has held that the statutory requirement that findings of fact and conclusions of law be made does not apply when the parties themselves have agreed to the deviation because it was not a determination by the trial court, but rather a stipulation of the parties. *Rinkel v. Rinkel*, 9th Dist. Medina No. 05CA0044-M, 2006-Ohio-2560, ¶ 17.

{¶8} Basically, this appeal boils down to one issue: Tommie and Luis entered into an agreement concerning shared parenting and child support and Tommie then changed her mind. The findings of fact that Tommie alleges were insufficient were based solely upon the stipulated reasons for the deviation set

forth in the shared parenting plan jointly presented by Tommie and Luis. The statute merely requires that the trial court make findings of fact that support the determination that deviation is in the best interest of the children, not that the findings contain every detail. *Lopez-Ruiz v. Botta*, 10th Dist. Franklin No. 11AP-577, 2012-Ohio-718, ¶ 47. The trial court in this case filed findings of fact which were approved by Luis and Tommie before it was filed. At the hearing, Tommie indicated that she thought the plan was in the best interest of the children and that she was satisfied with the plan. Although the trial court did not set forth exact amounts for the "in kind" contributions, that is not required. *Id.* Tommie is merely appealing from the judgment that gives her exactly what she asked the court to order. When parties enter in an agreement that is adopted as the judgment of the trial court and the trial court makes findings of fact stipulated by the parties in the agreement, the parties waive their right to then complain that the trial court erred in approving the agreement. *Miller v. Miller*, 3d Dist. Marion No. 9-03-38, 2004-Ohio-923. "In fact, unless the party has explicitly reserved the right to challenge the issue on appeal, a consent decree or other stipulation or agreement before the trial court operates as a waiver of the right to raise the issue on appeal." *Daugherty v. Daugherty*, 9th Dist. Wayne No. 12CA0003, 2013-Ohio-1934, ¶ 10. The record shows that the trial court in this case did exactly what Tommie wanted done. Tommie and Luis had entered into an agreement and the trial court agreed

with both parties that the agreement was in the best interests of their children. The trial court complied with all statutory requirements when making this determination. Thus, the assignments of error are overruled.

**{¶9}** Having found no error in the particulars assigned or argued, the judgment of the Court of Common Pleas of Marion County, Family Division, is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**