DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Steven and Margaret Bridge, appeal from the judgment of the Lorain County Court of Common Pleas. This Court vacates the trial court's judgment.
 I. {¶ 2} As an initial matter, this Court notes that Appellees, William and Roselyn Evanich, have failed to file an appellate brief in the instant appeal. We will therefore adopt Appellants' statement of the facts as true and correct. State v. Mihm
(1994), 92 Ohio App.3d 242, 243, citing App.R. 18(C).
 {¶ 3} On September 14, 2004, the trial court granted title to Appellees by way of adverse possession to a portion of an adjoining lot owned by Appellants. The trial court's entry stated the following:
"[Appellees] burden is to prove their case by clear and convincing evidence.
"* * *
"This [c]ourt finds that [Appellees] have proved their case by a preponderance of evidence. Judgment is entered in favor of [Appellees]."
 {¶ 4} On September 17, 2004, Appellants filed a timely notice of appeal from this judgment quieting title to Appellees ("Bridge I"). On appeal, Appellants contended that the trial court misapplied the evidentiary burden because the trial court had stated both the clear and convincing and preponderance of the evidence burdens. On January 11, 2005, Appellees, relying on Civ. R. 60(A), filed a motion for a nunc pro tunc order, in which they asked the court to correct its entry to reflect that it had determined the case by applying the appropriate standard of review. Appellants responded to the motion, filing a motion for dismissal of Appellees' request for Civ.R. 60(A) relief. On January 21, 2005, the trial court granted Appellees' motion and corrected its order through an entry which stated: "The entry is amended nunc pro tunc to reflect that the last sentence of the entry shall state that Plaintiffs have proved their case by clear and convincing evidence." Appellants timely appealed from this entry, raising one assignment of error for our review ("Bridge II").
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT MISAPPLIED THE LAW WHEN IT ENTERED AN ORDER PURSUANT TO CIVIL RULE 60(A) ATTEMPTING TO CORRECT ITS JUDGMENT THEN ON APPEAL WITHOUT HAVING FIRST OBTAINED LEAVE OF THE APPELLATE COURT."
 {¶ 5} In their sole assignment of error, Appellants assert that the trial court lacked jurisdiction to enter its January 21, 2005 order because it entered the order without obtaining leave from this Court. Because the trial court lacked jurisdiction to enter the order, we vacate the trial court's January 21, 2005 order.
 {¶ 6} Civ.R. 60(A) provides the mechanism for a trial court to correct a judgment or order containing a clerical mistake and provides:
"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakesmay be so corrected before the appeal is docketed in theappellate court, and thereafter while the appeal is pending maybe so corrected with leave of the appellate court." (Emphasis added.)
As provided in the rule, once appeal is taken from the judgment or order, the trial court cannot alter its judgment without obtaining leave of the appellate court. Here, the trial court entered its nunc pro tunc order on January 21, 2005, well after Appellants' September 17, 2004 notice of appeal was filed and after the case had been docketed in this Court. Neither Appellees nor the trial court sought leave to correct the judgment entry as required by Civ.R. 60(A). As a consequence, the trial court lacked jurisdiction to enter this order and the trial court's January 21, 2005 judgment entry is therefore null and void. Appellants' assignment of error is sustained.
 III. {¶ 7} Appellants' sole assignment of error is sustained. The January 21, 2005 judgment of the Lorain County Court of Appeals is vacated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Carr, P.J., Boyle, J., concur.