DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, Janice Naples ("Wife"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court reverses.
 I {¶ 2} Wife and Defendant-Appellee, Anthony Naples ("Husband"), were married on November 28, 1987 and had two children during their marriage. On July 10, 2006, Wife filed a complaint for divorce. Because Wife's trust, the Janice M. Naples Trust ("the Trust"), had an interest in property located on West 34th Street in Lorain, Ohio, the trial court later joined the Trust as a party defendant.[1] Husband filed a counterclaim against Wife and a cross-claim against the Trust to assert an interest in the West 34th Street property.
 {¶ 3} On April 28, 2008, the parties held a settlement conference and reached an agreement. The parties recorded their agreement on several sheets of legal paper. At a hearing *Page 2 
immediately following the settlement conference, both parties indicated that they understood and agreed to the terms set forth in their handwritten agreement. They further stipulated to preserve any temporary orders that the court had issued, including financial support orders. Husband's counsel marked the handwritten agreement as "Joint Exhibit A" and indicated that he was "going to take this with me. Leave a copy for the record and take the original or take a copy *** so I can prepare the journal entry[.]" The trial court gave Husband's counsel permission to take Joint Exhibit A in order to make copies and instructed him to "[j]ust leave a copy with the Court." Neither the agreement, nor its terms, was read into the record. The trial court issued an order indicating that a settlement had been reached whereby the parties' temporary financial support orders would be preserved and carried forward and a divorce granted upon submission of a journal entry of divorce due on or before May 19, 2008. Both parties signed the court's order.
 {¶ 4} On May 29, 2008, the trial court issued a judgment entry of divorce. Both Husband and his attorney had signed the judgment entry to indicate their approval. Although the judgment entry contained signature lines for both Wife and her attorney, neither of their signatures appeared on the judgment entry. A photocopy of "Joint Exhibit A" was attached to the judgment entry of divorce.
 {¶ 5} Wife now appeals from the trial court's judgment and raises two assignments of *Page 3 
error for our review.[2] For ease of analysis, we combine Wife's assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT JOURNALIZED A DIVORCE JUDGMENT THAT DID NOT ACCURATELY REFLECT THE TERMS OF A SETTLEMENT REACHED BY THE PARTIES AT COURT."
 Assignment of Error Number Two "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT JOURNALIZED AN AGREED DIVORCE JUDGMENT THAT DID NOT CONTAIN THE SIGNATURES OF ALL THE PARTIES AND COUNSEL IN CONTRAVENTION OF LOCAL RULE 23(A)(1) OF THE DOMESTIC RELATIONS DIVISION OF THE LORAIN COUNTY COMMON PLEAS COURT."
 {¶ 6} In her first assignment of error, Wife argues that the trial court erred in journalizing the parties' divorce decree because the decree differed from the terms of the settlement agreement that Wife entered into with Husband at the April 28, 2008 settlement conference. Specifically, Wife argues that the version of "Joint Exhibit A" that Husband submitted to the court and modeled the court's journal entry after contained additional terms to which Wife never agreed. In her second assignment of error, Wife argues that the trial court erred in journalizing the divorce decree without her signature, in contravention of the Lorain County Court of Common Pleas, Domestic Relations Division, Loc. R. 23(A)(1). *Page 4 
 {¶ 7} "Absent fraud, duress, overreaching, or undue influence, a settlement agreement entered into by parties in a divorce is enforceable." Haas v. Bauer, 9th Dist. No. 02CA008198, 2004-Ohio-437, at ¶ 16. Settlement agreements "may be either written or oral, and may be entered into prior to or at the time of a divorce hearing. Where the agreement is made out of the presence of the court, the court may properly sign a journal entry reflecting the settlement agreement in the absence of any factual dispute concerning the agreement." (Citations omitted.) Muckleroy v. Muckleroy (Sept. 5, 1990), 9th Dist. No. 14443, at *2. "[W]hen the parties agree to a settlement offer, [the] agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement." Haas at ¶ 16, quoting Klever v. Stow (1983),13 Ohio App.3d 1, 4. This Court reviews a trial court's decision to adopt a settlement agreement for an abuse of discretion. Meyer v. Meyer, 9th Dist. No. 21023, 2002-Ohio-5038, at ¶ 9. The term "abuse of discretion" connotes more than a mere error of judgment or of law; rather, it implies that the court's ruling was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Similarly, this Court recognizes that "local rules are of [a] court's own making, procedural in nature, and not substantive principles of law. Accordingly, *** there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules." Yanik v. Yanik, 9th Dist. No. 21406, 2003-Ohio-4155, at ¶ 9, quoting Lorain Cty. Bank v. Berg (July 22, 1992), 9th Dist. No. 91 CA005183, at *2. See, also, Michaels v.Michaels, 9th Dist No. 07CA0058-M, 2008-Ohio-2251, at ¶ 13 (noting that an abuse of discretion standard applies to a review of a trial court's interpretation or application of a local rule). In an appeal from a trial court's alleged violation of a local rule, an appellant bears the burden of showing both error and prejudice resulting from that error.Rinkel v. Rinkel, 9th Dist. *Page 5 
No. 05CA0044-M, 2006-Ohio-2560, at ¶ 7, quoting In re J.B., 9th Dist. Nos. 03CA0024-M 03CA0025-M, 2003-Ohio-4786, at ¶ 16.
 {¶ 9} Initially, we dispose of Husband's argument that Wife should not be afforded relief on appeal because she failed to assert her challenge to the settlement agreement through a Civ. R. 60(B) motion. Civ. R. 60(B) permits a party to obtain relief from judgment on several bases such as mistake, excusable neglect, newly discovered evidence, fraud, satisfaction of judgment, and other reasons justifying relief. "[T]he availability of Civ. R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal." Haas at ¶ 25, citing Yakubik v.Yakubik (Mar. 29, 2000), 9th Dist. No. 19587, at *2. See, alsoElyria Twp. Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599,602 (holding that appellant could not rely on arguments it could have asserted in a direct appeal because a Civ. R. 60(B) motion is not a substitute for direct appeal). A Civ. R. 60(B) motion is a proper vehicle for relief if the error alleged does not appear in the record.Harmon v. Harmon (May 30, 1984), 9th Dist. No. 11575, at *1 (holding that appellant's claim had to be raised through Civ. R. 60(B) rather than a direct appeal because the finding that formed the basis of her claim for relief was not a part of the record). Yet, a Civ. R. 60(B) motion does not provide for the reconsideration of a judgment and cannot be employed to challenge the legal correctness of a trial court's decision.Thomas v. Fick (June 7, 2000), 9th Dist. No. 19595, at *3;Yakubik, at *2.
 {¶ 10} Wife argues that she did not agree to the substantive terms in the separation agreement because several of the terms differed from the terms that the parties agreed upon and recorded in Joint Exhibit A. Specifically, she argues that the version of Joint Exhibit A attached to and used as a model for the court's judgment entry differed from the Joint Exhibit A that she initialed at the parties' settlement hearing. Further, Wife argues that the trial court erred by *Page 6 
journalizing the divorce decree without her signature, a requirement under the court's local rules. To the extent that Wife challenges the legal correctness of the trial court's judgment based upon the evidence in the record, Wife's appeal is properly before this Court. SeeThomas, at *3. Husband's argument, that Wife was required to pursue a Civ. R. 60(B) motion to raise these issues, lacks merit.
 {¶ 11} At the hearing before the trial court, the parties informed the court that they had reached an agreement and had memorialized the agreement on several pages of legal paper, which were then marked as Joint Exhibit A. The parties also agreed to preserve the court's temporary support orders as part of their agreement. Husband's attorney then indicated that he would prepare a journal entry for the court based on Joint Exhibit A. Wife responded in the affirmative when asked if she understood Joint Exhibit A to be "a rough outline of a settlement." She also indicated that she understood the binding effect of the agreement once signed and that she wanted the court to sign the agreement when the court received it. Husband similarly testified that he understood the parties had "essentially memorialized" their agreement in Joint Exhibit A and that he agreed to the terms contained therein. The following exchange then took place on the record:
 "THE COURT: Now the entry will be prepared and you both have to sign it. Do you understand that if you don't sign it, I have the entry, a copy here, [3] so this will go into effect either way. So that's just to make sure that at the last second somebody doesn't go, well, wait a minute, because we have already really gone over it once. Just — it's just to formalize it, make it neater, in case it's ever needed in the future. So it's a nice, clean copy, okay?
 "[WIFE]: Do we have to sign it again then?
 "THE COURT: Well, you didn't sign it yet. I mean, *** [d]id you sign this? *Page 7 
 "[WIFE'S COUNSEL]: Initialed all of it.
 "THE COURT: Okay. You'll just have to sign the final entry, preferably.
 "[WIFE]: Will that be today? Or do we have to come back?
 "THE COURT: No. That's going to be when [Husband's counsel] prepares it and he'll have [Husband] sign it. And send it to [Wife's counsel], you'll sign it. Then they `ll bring it up to me. And then when I sign it, it will go down to the Clerk's office. ***" (Emphasis added.)
The trial court concluded the hearing by indicating that it was giving Joint Exhibit A back to Husband's attorney so that he could make a copy for the court.
 {¶ 12} A review of the foregoing exchange reveals that: (1) the trial court informed Wife that the inclusion of her signature on the final entry would be preferable instead of mandatory based on her attorney's indication that Wife had "initialed all" of Joint Exhibit A; and (2) the trial court informed Wife that the journal entry would not be brought to the court until both Husband and Wife had received and signed the entry. Joint Exhibit A contains numerous provisions initialed by both Husband and Wife. Several of the provisions, however, contain additions, which are written in a lighter colored ink and only bear Husband's initials. Even though the parties did not read Joint Exhibit A, as it existed at the time of the hearing, into the record, it is clear that Wife's initials do not appear next to any of the lighter colored provisions in the exhibit. Based on Wife's attorney's indication during the settlement hearing that Wife had "initialed all of [Joint Exhibit A]," the record supports the conclusion that these lighter colored provisions were added at some point after the settlement conference. This reading of Joint Exhibit A comports with Wife's assertion on appeal that neither she, nor her attorney, ever saw or approved any of the lighter colored provisions in Joint Exhibit A.
 {¶ 13} The Lorain County Court of Common Pleas, Domestic Relations Division, Local Rules provide that agreed journal entries "shall bear the signature of all parties and counsel." *Page 8 
Loc. R. 23(A)(1). Apart from the fact that Joint Exhibit A contains several provisions that do not bear Wife's initials, the court's final journal entry only bears the signatures of the court, Husband, and Husband's attorney. While the journal entry provides additional signature lines for the signatures of Wife and her attorney, neither signature appears on the entry. The trial court assured Wife at the settlement hearing that the journal entry would be presented to her for her signature before being brought to the court for approval. Despite this assurance, however, it would appear that the trial court approved the journal entry without Wife's approval.
 {¶ 14} Based on the foregoing, we must conclude that the trial court erred in adopting the judgment entry of divorce that Husband prepared and submitted to the court. The record does not support the conclusion that the judgment entry the trial court signed accurately reflects the agreement that the parties entered into at the time of the settlement hearing. See Muckleroy, at *3-4. The parties agreed to the terms of Joint Exhibit A at the settlement hearing. As it appears in the record, however, Joint Exhibit A, contains numerous lighter colored provisions, which do not bear Wife's initials. All of the other provisions that appear in darker colored ink bear Wife's initials alongside of Husband's initials. Moreover, the record reflects that the trial court erred in approving the judgment entry without Wife's signature, in contravention of Loc. R. 23(A)(1) and the court's assurance to Wife that she could sign the entry before the court received it for approval. Even if Wife's initials on Joint Exhibit A potentially could have satisfied Loc. R. 23(A)(1)'s signature requirement, her initials are absent from all of the exhibit's lighter colored provisions. Consequently, we must conclude that the trial court erred in adopting the judgment entry of divorce. Wife's assignments of error have merit. *Page 9 
 III {¶ 15} Wife's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
[1] The Trust is not a party on appeal.
[2] On September 19, 2008, subsequent to Wife's notice of appeal, the trial court issued a nunc pro tunc journal entry correcting two typographical errors in the judgment entry of divorce. The journal entry indicates that the trial court made the correction upon its own motion, pursuant to Civ. R. 60(A). Civ. R. 60(A) specifically provides that once an appeal is pending, a clerical mistake in a judgment may be corrected "with leave of the appellate court." The trial court did not seek leave from this Court before issuing its nunc pro tunc entry. Consequently, the trial court lacked jurisdiction to enter this order, and the September 19, 2008 order is null and void. Evanich v. Bridge, 9th Dist. No. 05CA008666, 2006-Ohio-648, at ¶ 6.
[3] In noting that it possessed a copy of "the entry," the court presumably was referring to a copy of Joint Exhibit A.