[Cite as *CitiMortgage, Inc. v. Fishel*, 2012-Ohio-4117.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC. SUCCESSOR BY MERGER TO ABN AMRO | ) | CASE NO. 11 MA 97 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| W. DANIEL FISHEL, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 09 CV 1424

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Thomas L. Henderson
                              Lerner, Sampson & Rothfuss
                              120 East Fourth Street, Eighth Floor
                              Cincinnati, Ohio 45202

For Defendant-Appellant:       W. Daniel Fishel, Pro se
                              Lorraine Fishel, Pro se
                              P.O. Box 5051
                              Poland, Ohio 44514-5480

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                              Dated: September 5, 2012

[Cite as *CitiMortgage, Inc. v. Fishel*, 2012-Ohio-4117.]
WAITE, P.J.

**{¶1}** Appellants W. Daniel and Loraine Fishel appeal the Mahoning County Court of Common Pleas' magistrate's decision recommending judgment in favor of Appellee, CitiMortgage, Inc. ("CitiMortgage"). The appeal arises out of a default judgment and decree in foreclosure entered on August 11, 2009 in favor of Appellee. That judgment was not appealed. Instead, Appellants filed a Civ.R. 60(B) motion to vacate judgment on February 4, 2011, which was denied because it was not filed on time. Appellants argued that CitiMortgage had no standing to litigate the foreclosure action and that the judgment against them was void. They claimed that since the judgment was void, the timeliness of their Civ.R. 60(B) motion was not an issue. Appellants are mistaken that a question concerning a party's standing to litigate renders a judgment void. Since Appellants cannot establish that the default judgment was void, they had to satisfy the usual requirements of Civ.R. 60(B) to challenge the judgment. Appellants' Civ.R. 60(B) was not filed in a timely fashion, and therefore, the decision of the trial court is affirmed.

### Statement of the Case

**{¶2}** CitiMortgage is the holder of a note, loan modification agreement and mortgage executed by W. Daniel and Lorraine M. Fishel. The mortgage is a lien on Appellants' real property, located at 3082 Highland Avenue, Poland, Ohio 44514 ("Property"). The mortgage was recorded in volume 5242 of the Mahoning County Recorder's office on August 26, 2002. CitiMortgage is the successor by merger to ABN AMRO Mortgage Group Inc. In 2008, Appellants fell behind on their mortgage payments as well as on a loan modification agreement with CitiMortgage. The loan account went into default due to nonpayment.

## Procedural History

**{¶3}** On April 20, 2009, CitiMortgage filed a complaint in foreclosure against Appellants. Shortly after, on April 29, 2009, a summons was issued to a process server to obtain service on the Appellants. The summons was returned and filed as served on May 7, 2009. Appellants failed to plead or respond to the complaint. On June 5, 2009, CitiMortgage filed a motion for default judgment. On June 26, 2009, a copy of the hearing notice was sent from the court by mail to the parties. On August 11, 2009, the trial court entered a judgment and decree in foreclosure in favor of CitiMortgage.

**{¶4}** On February 4, 2011, almost eighteen months after the foreclosure judgment, Appellants filed a Civ.R. 60(B) motion to vacate judgment. The magistrate denied the motion on March 21, 2011. Appellants filed an objection to the magistrate's decision on March 25, 2011. A judgment entry overruling Appellants' objection was entered on May 31, 2011. It is from this judgment entry that Appellants filed a notice of appeal on June 16, 2011.

**{¶5}** Appellants' two assignments of error will be addressed together because the legal issues presented are identical.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED AS "UNREASONABLY UNTIMELY" THE APPELLANTS [SIC] MOTION TO VACATE.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE APPELLANT'S [SIC] MOTION FOR RELIEF PURSUANT TO CIV.R. 60(B)(5) WAS "UNREASONABLY UNTIMELY."

## CitiMortgage's Standing to Sue

**{¶6}** Appellants contend that CitiMortgage had no standing to prosecute a foreclosure action, and for that reason they contend that the trial court's judgment is void. The implication of this argument is that Appellants believe they did not need to comply with Civ.R. 60(B) to attack the judgment, since it was void. Although part of Appellants' argument is correct, their ultimate conclusions are not. Appellants correctly state that where a court lacks subject matter jurisdiction, a judgment is void. *Carter-Jones Lumber Co. v. Willard*, 6th Dist. No. L-06-1096, 2006-Ohio-6629, ¶8. Courts have the inherent authority to vacate a void judgment at any time. *Westmoreland v. Valley Homes Corp.*, 42 Ohio St.2d 291, 294, 328 N.E.2d 406 (1975). A party does not need to abide by the filing requirements of Civ.R. 60(B) to challenge a void judgment. *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 631 N.E.2d 1120 (10th Dist.1993). Unfortunately for Appellants, lack of standing to initiate a foreclosure action does not raise a question of subject matter jurisdiction and does not void an otherwise valid judgment. *Washington Mutual Bank, F.A. v. Wallace*, 194 Ohio App.3d 549, 2011-Ohio-4174, 957 N.E.2d 92 (12th Dist.); *Wells Fargo Bank, N.A. v. Byrd*, 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722 (1st Dist.); *In re Anderson*, 7th Dist. No. 05 MO 14, 2007-Ohio-1107, ¶6. Therefore, Appellants cannot avoid the procedural requirements of Civ.R. 60(B) by framing their issue on appeal as a question of standing.

## Elements of a Civ.R. 60(B) Motion to Vacate

**{¶7}** According to Civ.R. 60(B), a court may relieve a party or legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶8}** In order to prevail on a motion for relief from judgment, pursuant to Civ.R. 60(B), the appellant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable amount of time, and, where the grounds of relief are Civ.R. 60 (B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

## Timeliness of the Civ.R. 60(B) Motion

**{¶9}** The Civ.R. 60(B) motion must be made within a reasonable time, and for reasons (1), (2), and (3) stated above, not more than one year after the judgment, order or proceeding was entered or taken. A Civ.R. 60(B) motion does not affect the

finality of a judgment or suspend its operation. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 101, 316 N.E.2d 469 (1974).

**{¶10}** A party has up to one year after the judgment entry is filed to file a motion to vacate judgment, when the basis for relief arises out of Civ.R. 60(B)(1-3). For cases arising from Civ.R. 60(B)(4-5), the only requirement for the timing of the filing of the motion is that it was done within a reasonable amount of time. Every Civ.R. 60(B) motion is subject to a "reasonable time" requirement. *Id.* at 106. In the absence of any explanation or justification for the delay in filing a Civ.R. 60(B) motion, the motion to vacate should be denied. *Dunn v. Marthers*, 9th Dist. No. 05CA008838, 2006-Ohio-4923.

**{¶11}** Appellants argued that CitiMortgage committed a fraud on the court and asked for relief under Civ.R. 60(B)(5). Under Civ.R. 60(B)(5), the motion to vacate must be filed within a reasonable amount of time.

**{¶12}** A 72-day delay can render a Civ.R. 60(B) motion untimely, as seen in *Larson v. Umoh*, 33 Ohio App.3d 14, 17, 514 N.E.2d 145 (8th Dist.1986). Here, the defendant filed a motion to vacate judgment in a forcible entry and detainer action. Defendant waited 72 days after the entry of judgment against him to file the motion. The trial court denied the motion as untimely, and the Eighth District Court of Appeals affirmed the ruling.

**{¶13}** Where there is no explanation for the delay, a four-month delay in filing the Civ.R. 60(B) motion has been found to be untimely. *Mount Olive Baptist Church v. Pipkins Paints*, 64 Ohio App.2d 285, 413 N.E.2d 850 (8th Dist.1979). In *Mount Olive Baptist Church*, the church brought action against a home improvement company for breach of contract. The company failed to answer and shortly

thereafter, the church was granted default judgment. The company filed a motion for relief from judgment four months later and the trial court vacated the judgment. The church appealed. The Eighth District Court of Appeals held that the more than four-month delay was not a reasonable time within which to file the motion pursuant to Civ.R. 60(B)(5). Further, there was no evidence to explain the delay in filing the motion to vacate, thus the movant failed to demonstrate the timeliness of the motion.

{¶14} As seen in *Mount Olive Baptist Church* and *Larson*, a trial court has wide discretion to deny a Civ.R. 60(B) motion for an untimely delay. In this case, Appellants waited well over year to file their motion. Appellants took no action to vacate the August 11, 2009, judgment entry until February 4, 2011. This is true despite the fact that Appellants were served with the motion for default judgment, judgment entry, and notice of sheriff's sale. There is no explanation in the record justifying the delay. This is clearly a much longer delay than cases reviewed by other courts, and there exists very strong grounds for denying Appellants' Civ.R. 60(B) motion. If a 72-day delay warrants denial of a Civ.R. 60(B) motion, it follows that an eighteen-month delay may also be denied. Appellants failed to meet their burden in establishing the timeliness of their Civ.R. 60(B) motion to vacate and provided no operative facts explaining their delay. It was well within the trial court's discretion to deny Appellants' Civ.R. 60(B) motion. Thus, we find no error in the trial court's judgment.

{¶15} Although Appellants filed their Civ.R. 60(B)(5) motion under the catch-all provision of section 60(B)(5), their fraud argument is more akin to a Civ.R. 60(B)(3) motion because Civ.R. 60(B)(3) specifically mentions fraud. Appellants' allegation of fraud is based on the alleged misrepresentation of CitiMortgage

regarding its standing to initiate and litigate the foreclosure action. Their assertion stems from their belief that Federal Home Loan Mortgage Corporation ("Freddie Mac") owns their mortgage loan, and that CitiMortgage does not have standing. This type of claim is usually raised under Civ.R. (60)(B)(3). *See, e.g.*, *Washington Mut. Bank*, *F. A. v. Wallace*, supra. Had Appellants filed a more appropriate 60(B)(3) motion, it would still be denied, as the time limit is one year for filing that type of claim.

## Conclusion

**{¶16}** The trial court's judgment entry was not void. Thus, Appellants were required to establish a right to relief under Civ.R. 60(B), and they failed to do so. Civ.R. 60(B) provides that the motion to vacate be made within reasonable time. Appellants waited eighteen months to file the motion, and since an untimely filing of a Civ.R. 60(B) is reason enough for denial, it was well within the trial court's discretion to dismiss the motion. Therefore, the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.