[Cite as *Mayer v. Mayer*, 2017-Ohio-1450.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104748**

## MICHAEL J. MAYER

PLAINTIFF-APPELLEE

vs.

## JANICE A. MAYER

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-14-353473

**BEFORE:** Jones, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 20, 2017

**ATTORNEYS FOR APPELLANT**

Brittany A. Graham
Adam J. Thurman
Schoonover, Rosenthal, Thurman & Daray
North Point Tower, Suite 1720
1001 Lakeside Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

P. Lynn Seifert
5005 Rockside Road, Suite 600
Independence, Ohio 44131

Lynn B. Schwartz
Lynn B. Schwartz Attorney at Law, L.L.C.
31100 Pinetree Road, Suite 225
Cleveland, Ohio 44124

LARRY A. JONES, SR., J.:

**{¶1}** In this appeal, defendant-appellant Janice Mayer challenges the trial court's denial of her Civ.R. 60(B) motion for relief from judgment without a hearing. For the reasons that follow, we reverse and remand.

**{¶2}** This is a divorce proceeding, and the final divorce decree of Janice and plaintiff-appellee Michael Mayer was entered on April 16, 2015. Thereafter, the parties engaged in post-decree proceedings, which included litigation relative to the sale of the marital residence and division of financial assets (i.e., qualified domestic relations orders ("QDRO's") relating to retirement and pension plans and savings accounts).

**{¶3}** On April 14, 2016, Janice filed a Civ.R. 60(B) motion for relief from the April 16, 2015 divorce decree; Michael opposed her motion. The trial court denied Janice's motion without a hearing, finding that, although it was filed within one year from the date of the final divorce decree, it was nonetheless untimely. Janice filed a motion for reconsideration, which was also denied. In this appeal, Janice contends that the trial court erred by (1) finding her motion untimely and (2) denying it without a hearing.

**Requirements for a Civ.R. 60(B) Motion**

**{¶4}** Civ.R. 60(B) provides in pertinent part as follows:

On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise

vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶5} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, order, or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶6} Although Civ.R. 60(B) motions made under subsections (1), (2), or (3) must be filed within one year of the judgment, order, or proceeding the movant is seeking relief from, they also must be filed within a reasonable time, and can be untimely even if they were filed within one year of the judgment, order, or proceeding. *McBroom v. McBroom*, 6th Dist. Lucas No. L-03-1027, 2003-Ohio-5198, ¶ 33. Further, although the one-year limitation does not apply to Civ.R. 60(B) motions made under subsection (5), motions made under that subsection nonetheless must be made within a reasonable time. *K.H. v. A.S.*, 6th Dist. Lucas No. L-10-1071, 2011-Ohio-547, ¶ 52. The movant has the burden of presenting "'allegations of operative facts to demonstrate that he [or she] is filing his [or her] motion within a reasonable period of time.'" *McBroom* at *id.*, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103, 316 N.E.2d 469 (8th Dist.1974). Determining what

is a "reasonable time" for filing a Civ.R. 60(B) motion depends on the facts of the case. *McBroom* at ¶ 34.

{¶7} We review a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**Janice's Civ.R. 60(B) Motion**

{¶8} Janice sought relief from the divorce decree under subsections (2), (3) and (5) of Civ.R. 60(B). In her motion, Janice contended that two contentious issues during the parties' divorce related to their retirement assets and whether Michael had additional income from sales of sports and other memorabilia on eBay and at auction houses. In an affidavit in support of her motion, Janice averred that after the divorce she learned that Michael "may have additional retirement assets with University Hospitals Pension Services," because Michael "is, or was, a participant in the [plan]." She averred that Michael never disclosed the plan during either the pre- or post-decree proceedings.

{¶9} Janice further averred that she had attempted to discover information about Michael's income and, in particular, any income he had received from eBay transactions. She averred that it was "not until several months after the divorce that the PayPal records, which would have been readily available to [Michael], were finally received by [her] and

that these records reflect receipts from Ebay sales in the amount of approximately [$80,000], which were not disclosed at the time of the parties' divorce."

**{¶10}** Janice submitted a copy of an envelope from University Hospitals Pension Services, addressed to Michael at the marital residence, with an April 2015 date stamp in support of her motion.[1] Janice contended that during the course of the post-decree litigation, her counsel questioned Michael's counsel about the envelope, which she maintained was unopened, but never received a response.

**{¶11}** Further, in her motion for reconsideration, Janice contended that since she became aware of the possibility of the additional pension funds, she made "strenuous efforts to resolve the matter outside of the Court," and that was the reason she waited to file her Civ.R. 60(B) motion. Janice contended that denying the motion as untimely was "punishing" her for attempting to settle the matter without court intervention.

**Analysis**

**{¶12}** Upon review, based on the facts of this case, the trial court abused its discretion by denying Janice's Civ.R. 60(B) motion without holding a hearing. The record demonstrates that after the April 16, 2015 divorce decree was entered, this matter continued to be litigated, in particular as to the parties' assets and division of same. At oral argument, counsel for both Michael and Janice informed this court that issues relative to the parties' assets are still being resolved. On this record, there are allegations of

---

[1]The record demonstrates that in April 2015 Janice was living in the marital home, and Michael was not. Further, it appears that the specific date stamp on the envelope was April 14, 2015.

operative facts that would, at least, entitle Janice to a hearing.

**{¶13}** In light of the above, Janice's two assignments of error are well taken.

**{¶14}** Judgment reversed; case remanded for a hearing on Janice's Civ.R. 60(B) motion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR