[Cite as *Roweton v. Willis*, 2018-Ohio-1770.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY**

JUDY ROWETON,
EXECUTRIX OF THE ESTATE OF
JERRY L. ROWETON,

      PLAINTIFF-APPELLEE,               CASE NO.  8-17-49

      v.

JEAN ANN WILLIS, ET AL.,

      DEFENDANTS-APPELLEES,
      -and-                           **O P I N I O N**

DANIEL ROWETON, ET AL.,

      DEFENDANTS-APPELLANTS.

**Appeal from Logan County Common Pleas Court
Probate Division
Trial Court No. 13-CE-128**

**Judgment Affirmed**

**Date of Decision:   May 7, 2018**

**APPEARANCES:**

    *Thomas J. Buecker and Laura E. Waymire* for Appellants

    *David R. Watkins* for Appellee, Judy Roweton

**ZIMMERMAN, J.**

{¶1} Defendant-appellants, Daniel Roweton ("Daniel") and Mary Lewis ("Mary"), appeal the Logan County Probate Court's judgment entry denying their motion to vacate default judgments. For the reasons that follow, we affirm the judgment of the trial court.

*Facts and Procedural History, First Appeal*

{¶2} On May 9, 2013, Jerry Roweton ("Jerry") died testate. (Doc. 1). Jerry was the father of five children, Karen Durr, Jerry L. Roweton, James Roweton, Jean Ann (Willis) Roweton, and Robert Roweton. However, only Karen, Jean and Robert survived him. On July 11, 2013, Plaintiff Judy Roweton, as executor of Jerry's estate ("Executor"), filed a "complaint for construction of the will" against Daniel, Mary, and other relatives as defendants.[1] (*Id.*). Daniel and Mary were served with a summons and a copy of the complaint on July 13 and 23, 2013, respectively. (Docs. 5, 7).

{¶3} However, on August 20, 2013, Brenda Roweton, as power of attorney for Daniel, filed a handwritten answer to the complaint on Daniel's behalf in the trial court. (Doc. 11).

{¶4} In motions filed October 21 and 23, 2013, the Executor requested default judgments against Daniel, Mary, and others, arguing that Mary (and others)

---

[1] Daniel and Mary were the children of James Roweton.

"failed to file a responsive pleading" and that "a proper responsive pleading has not been filed in this action" by Daniel. (Docs. 17, 20).

{¶5} In orders filed October 23 and November 6, 2013, the trial court issued default judgments against Daniel and Mary. (Docs. 19, 21). In its October 23, 2013 entry, the trial court found that service was perfected upon Daniel. (*Id.*) Nevertheless, on December 9, 2013, the trial court *sua sponte* vacated its default judgment against Daniel, finding his answer filed by Brenda (as Daniel's Power of Attorney) was proper. (Doc. 22). Thereafter, on April 29, 2014, Daniel filed a motion for extension to file an answer to the complaint because he was incarcerated at the Noble Correctional Institution, and had been so incarcerated since August, 2013. (Doc. 27).

{¶6} On May 19, 2014, Mary, through counsel, filed a motion for leave to file an answer. (Doc. 35). The trial court, over the Executor's objection, granted Mary's motion on July 30, 2014 and her answer was filed that same day in the trial court. (Docs. 36, 38, 39).

{¶7} Thereafter, on August 19, 2014, both Daniel and Mary filed a motion for summary judgment. (Docs. 41, 43). On September 19, 2014, following an August 22, 2014 pretrial hearing, the trial court ordered the parties to file any motions for summary judgment by September 30, 2014. (Doc. 49). On September 24, 2014, Daniel and Mary filed a supplemental motion for summary judgment.

(Doc. 51). On September 30, 2014, the Executor, Judy (individually) and Jean filed a motion for summary judgment. (Doc. 52). Daniel and Mary filed a "reply to motions for summary judgment" on November 3, 2014 and on November 4, 2014, the Executor, Judy (individually) and Jean filed a memorandum in opposition to Daniel and Mary's motion and supplemental motion for summary judgment. (Docs. 57, 58).

{¶8} On January 30, 2015 the trial court filed its judgment entry granting Daniel and Mary's motion for summary judgment and denied the Executor, Judy (individually) and Jean's motion for summary judgment. (Doc. 60). An appeal of this order was filed (by Judy and Jean) on February 26, 2015.

{¶9} On July 6, 2015, we dismissed Judy's (individual) appeal and, as to Daniel, found that he was properly served with the complaint on July 13, 2013; that he failed to file a motion for leave to file an answer timely; that the trial court abused its discretion by accepting Daniel's August 20, 2013 pleading; and that the trial court erred when it *sua sponte* vacated the default judgment against Daniel. (Doc. 80). And, as to Mary, we found that the trial court never set aside the default judgment against Mary and erred by entering a conflicting final judgment in Mary's favor. (Docs. 21, 60).

{¶10} Ultimately, we reversed and remanded the case to the trial court for further proceedings, *reinstating the cases to the point where the default judgments against Daniel and Mary were in effect*.

*Facts and Procedural History, Current Appeal*

{¶11} After the filing of our decision, Daniel and Mary, through counsel, filed motions in the trial court on July 9, 2015 to vacate default judgments (under Rule 60(B)) and for leave to file an answer to the plaintiff's complaint. (Doc. 82). Ultimately, the trial court conducted a hearing on August 26, 2015, wherein it received testimony from Daniel (in person) and Mary (by way of Affidavit) as to their motions to vacate filed under Civ.R. 60(B).

{¶12} On October 24, 2017 the trial court entered its judgment entry reinstating the October 23, 2013 default judgment against Daniel and finding that the November 6, 2013 default judgment against Mary should remain in effect. Further, the trial court overruled the requests of Daniel and Mary to vacate their default judgments. (Doc. 111). It is from this entry that Daniel and Mary appeal, raising the following common assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN DENYING DEFENDANTS/APPELLANTS' MOTION TO VACATE THE DEFAULT JUDGMENTS AGAINST THEM WHICH IS CONTRARY TO LAW.**

{¶13} In their sole assignment of error, Daniel and Mary claim that the trial court erred in denying their motion to vacate their default judgments asserting that such default judgments are contrary to law. For the reasons set forth below, we disagree.

*Standard of Review*

{¶14} When reviewing a trial court's determination of a Civ.R. 60(B) motion for relief, we must apply an abuse of discretion standard. *In Re Whitman*, 81 Ohio St.3d 239 (1998). The phrase "abuse of discretion" implies that the court's attitude is "unreasonable, arbitrary or unconscionable". *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

*Analysis*

{¶15} Civ. R. 60(B) specifically sets forth grounds for relief from judgment and provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made

within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶16}** To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if relief is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, (1976) paragraph two of the syllabus. If any one prong of *GTE's* three prong test is not satisfied, the entire motion must be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

**{¶17}** In determining whether the trial court abused its discretion in denying Daniel and Mary's motion to vacate the default judgment, we will analyze the three prong test set forth in *GTE*. For ease of discussion, we will address the three prongs out of order.

### *Reasonable Time to file 60(B) motion*

**{¶18}** The third prong of the *GTE* test is that the motion to vacate the default judgment must be made within a reasonable time. Where the grounds for relief are pursuant to Civ.R. 60(B)(1), (2), or (3), the motion must be filed not more than one year after the judgment or order was entered. Although Civ.R. 60(B) provides that

a motion made pursuant to Civ.R. 60(B)(5) shall be made within a reasonable time, it does not specify what constitutes as reasonable time. See *Zwahlen v. Brown*, 1st Dist. Hamilton No. C-070263, 2008-Ohio-151.

**{¶19}** In the case *sub judice*, default judgments were ordered by the trial court against Daniel and Mary on October 23, 2013 and November 6, 2013, respectively. Daniel and Mary, through counsel, filed a motion to vacate their default judgments in the trial court on July 9, 2015, over 20 months after each default judgment was entered. Thus, on its face, both Daniel and Mary's 60(B) motions were filed *more than one year* after the judgments they seek to vacate were issued. As such, Daniel and Mary's motions made pursuant to Civ.R. 60(B)(1), are time barred.

**{¶20}** Moreover, Daniel and Mary argue that the "reasonable time" period set forth under Civ.R. 60(B)(5) applies here under the circumstances of this case justifying the vacating of the default judgments. We disagree because Daniel and Mary have failed to identify a justifiable cause for their failure to file their respective motion for relief within a reasonable time. With the absence of justifiable cause, we find no merit to their argument. See also *Mt. Olive Baptist Church v. Pipkins Paints*, 64 Ohio App.2d 285, 289 (motion under Civ.R. 60(B)(5) filed seven months after notice of the action and four months after default entry is not filed "within a reasonable time").

{¶21} Having found the record void of evidence that Daniel and Mary timely filed their motion for relief from judgment under Civ.R. 60(B), we need not review the remaining prongs of the *GTE* test as it relates to this case. *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 556 (2005).

{¶22} Accordingly, we find that the trial court did not abuse its discretion in denying Daniel and Mary's motion to vacate their default judgments. Thus, Appellants' sole assignment of error is overruled.

{¶23} Having found no error prejudicial to the Appellants herein in the particular assignment of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**