[Cite as *Shteyngarts v. Shteyngarts*, 2022-Ohio-1492.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| GREGORY SHTEYNGARTS, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110518 |
| v. | : | |
| MALGORZATA SHTEYNGARTS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-17-368497

### *Appearances:*

Rosenthal | Thurman | Lane, L.L.C. and James L. Lane;
Steven L. August Co., L.P.A. and Steven L. August, *for appellant.*

Laurence A. Turbow LPA, Inc. and Laurence A. Turbow, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Malgorzata Shteyngarts ("Wife") appeals the trial court's decision to deny her motion for relief from judgment. Wife asks this court to reverse the trial court's decision. We affirm.

## I. Facts and Procedural History

{¶ 2} Wife and Gregory Shteyngarts ("Husband") were married in 2000. Husband filed a complaint for legal separation and equitable division of marital estate on August 21, 2017. Wife waived her right to legal representation, which was attached to the complaint filed by Husband. On October 11, 2017, the trial court held a hearing and issued a judgment entry of legal separation incorporating the separation agreement. Wife was not represented by counsel at the 2017 hearing, nor did Wife object to the trial court's judgment.

{¶ 3} On November 27, 2018, the trial court issued a nunc pro tunc entry that provided a modification pertaining to one of the properties in Hamilton County, Ohio that was transferred to Wife. During the summer of 2020, Wife was notified by Husband's legal counsel that Husband was going to file for divorce. Wife expressed that this news was a shock to her because Husband promised Wife that he would not ask for a divorce if she agreed to the 2017 separation agreement. Once Wife received this information regarding the divorce, she hired legal counsel. Wife expressed that because she is a Polish immigrant and cannot speak or read English well, she trusted Husband to divide the marital assets fairly. Wife also stated that

she signed the separation agreement without reading or understanding the information contained.

{¶ 4} Wife's counsel reviewed the separation agreement and determined that there were assets listed in the separation agreement that were declared as nonmarital assets when in fact they were actually marital assets. Additionally, a valuation of the assets was not completed prior to the legal separation. After the review, Wife's counsel repeatedly attempted to negotiate with Husband to revise the separation agreement. Husband refused. As a result of Husband's refusal to revise the separation agreement, on February 11, 2021, Wife filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) and 60(B)(5). Husband filed a brief in opposition on April 12, 2021. The trial court set a hearing for May 12, 2021. However, prior to the hearing, the trial court issued a judgment entry on April 29, 2021, which denied Wife's motion for relief from judgment.

{¶ 5} On May 20, 2021, Wife filed a notice to appeal to the trial court's judgment, and assigns two errors for our review:

I.      The trial court erred and abused its discretion when it found that the issues raised by appellant through her motion for relief from judgment pursuant to Civ.R. 60(B)(4) and 60(B)(5) should have been raised on direct appeal; and

II.     The trial court erred and abused its discretion when it found that appellant's motion for relief from judgment pursuant to Civ. R. 60(B)(4) and 60(B)(5) was not filed within a reasonable time.

## II.    Motion for Relief for Judgment

### A.    Standard of Review

{¶ 6}    "This court reviews a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard." *State v. Waver*, 8th Dist. Cuyahoga No. 107502, 2019-Ohio-1444*, ¶ 27, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).  "An abuse of discretion occurs when the court's decision is unreasonable, arbitrary, or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

> In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).  If any of the three requirements are not met, the motion should be denied. *Rose Chevrolet*; *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 6 Ohio B. 403, 453 N.E.2d 648 (1983).

*Id.* at ¶ 26.

### B.    Law and Analysis

{¶ 7}    In Wife's first assignment of error, she argues that the trial court erred by ruling that the issues in her motion should have been raised on direct appeal.  Specifically, Wife contends that Civ.R. 60(B)(4) and 60(B)(5) are applicable to provide grounds for relief from the judgment.  Civ.R. 60(B)(4) and 60(B)(5) state, in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:  * * * 4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 8} "'Absent fraud, duress, overreaching, or undue influence, a settlement agreement entered into by parties in a divorce is enforceable.'" *Naples v. Naples*, 9th Dist. Lorain No. 08CA009420, 2009-Ohio-1427, ¶ 7, quoting *Haas v. Bauer*, 156 Ohio App. 3d 26, 2004-Ohio-437, 804 N.E.2d 80, ¶ 16 (9th Dist.).

"Settlement agreements 'may be either written or oral, and may be entered into prior to or at the time of a divorce hearing. Where the agreement is made out of the presence of the court, the court may properly sign a journal entry reflecting the settlement agreement in the absence of any factual dispute concerning the agreement.'"

(Citations omitted.)  *Id.*, quoting *Muckleroy v. Muckleroy*, 9th Dist. Summit No. 14443, 1990 Ohio App. LEXIS 3933, 4 (Sept. 5, 1990).  "'[W]hen the parties agree to a settlement offer, [the] agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement.'"  *Id.*, quoting *Haas* at ¶ 16, quoting *Klever v. Stow*, 13 Ohio App.3d 1, 4, 468 N.E.2d 58 (9th Dist.1983).  "The court has no unilateral authority to modify any provision of the separation agreement.  *See* R.C. 3105.65(A)."  *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 18.

{¶ 9} A Civ.R. 60(B) motion is not a substitute for direct appeal. *See Naples* at ¶ 9. App.R. 4(A)(1) states, "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Wife had 30 days from the trial court's adoption of the separation agreement to file an appeal. Wife did not raise these issues on direct appeal. The trial court conducted a hearing, and Wife was asked about the terms of the separation agreement. Wife testified that the agreement was fair to her and that she was not forced to sign it. (Tr. 7-8.)

{¶ 10} Although Wife argues that she is entitled to relief from judgment under Civ.R. 60(B)(4) and 60(B)(5), "Civ.R. 60(B) cannot be used to alter the statutory requirements for the modification of a decree. Because R.C. 3105.171(I) does not permit modification absent the consent of both parties, Civ.R. 60(B) cannot provide a workaround." *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460, ¶ 23.

{¶ 11} R.C. 3105.63(C)(2) provides, "[i]f a petition for dissolution of marriage contains an authorization for the court to modify the division of property provided in the separation agreement, the modification shall be made with the express written consent or agreement of both spouses." However, this issue is dispositive of Wife's motion. Because the Husband and Wife did not authorize the court to modify the separation agreement, the modification is precluded by statute. *See Ruple v. Ruple*, 11th Dist. Lake No. 2021-L-027, 2021-Ohio-2884, ¶ 12. *See also*

*Smith v. Smith*, 2019-Ohio-129, 128 N.E.3d 914, ¶ 7 (9th Dist.) ("The court may modify the division of property provided in the separation agreement only upon the express written consent or agreement of both spouses.").

{¶ 12} Therefore, Wife's first assignment of error is overruled.

{¶ 13} In Wife's second assignment of error, she argues that the trial court erred when it found that Wife's motion was not filed within a reasonable time. The trial court issued a judgment entry of legal separation that incorporated Husband's and Wife's separation agreement on October 11, 2017. Wife filed her motion for relief on February 11, 2021, almost four years after the trial court's judgment. Wife argues that she could have not discovered the nature of the separation agreement and that her filing a motion for relief from judgment was reasonable under the circumstances.

{¶ 14} Wife's contention is without merit. When Husband filed for divorce, Wife stated that her trust in her husband was misplaced and hired an attorney. Wife states that she hired an attorney because she felt Husband lied to her about not seeking a divorce. Wife's reliance on Husband's previous assertions regarding the separation agreement do not demonstrate that she could not have known what the agreement entailed. During the hearing, before the trial court granted the separation, the trial court asked Wife if she knew that she could have retained counsel. Wife answered in the affirmative. (Tr. 7.) The trial court asked Wife if she waived her right to counsel, and Wife again answered in the affirmative. *Id.*

{¶ 15} Civ.R. 60(B) states, in part:

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 16} "Relief under Civ.R. 60(B)(4) and (5) is not subject to the one-year limitation, but must still be sought within a reasonable time." *GMAC Mtge. v. Lee*, 10th Dist. Franklin No. 11AP-796, 2012-Ohio-1157, ¶ 21. "Although Civ.R. 60(B) provides that a motion made pursuant to Civ.R. 60(B)(5) shall be made within a reasonable time, it does not specify what constitutes as reasonable time." *Roweton v. Willis*, 3d Dist. Logan No. 8-17-49, 2018-Ohio-1770, ¶ 18. Wife filed her motion almost four years after the trial court's judgment. A motion for relief from judgment under Civ.R. 60(B)(5) filed four years after the trial court's judgment is not made within a reasonable time. *See id.* at ¶ 20; *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.*, 64 Ohio App.2d 285, 289, 413 N.E.2d 850 (8th Dist.1979). "Absent evidence explaining the delay, we have consistently found delays of four months or less unreasonable under Civ.R. 60(B)." *Martinko v. Strongsville High School*, 8th Dist. Cuyahoga No. 80068, 2002 Ohio App. LEXIS 1398, 6-7 (Mar. 28, 2002).

{¶ 17} As we stated above, we agree that "the one-year limitation does not apply to Civ.R. 60(B) motions made under subsection (5), motions made under that subsection nonetheless must be made within a reasonable time." *Mayer v. Mayer*,

8th Dist. Cuyahoga No. 104748, 2017-Ohio-1450, ¶ 6, citing *K.H. v. A.S.*, 6th Dist. Lucas No. L-10-1071, 2011-Ohio-547, ¶ 52. "For cases arising from Civ.R. 60(B)(4-5), the only requirement for the timing of the filing of the motion is that it was done within a reasonable amount of time." *CitiMortgage, Inc. v. Fishel*, 7th Dist. Mahoning No. 11 MA 97, 2012-Ohio-4117, ¶ 10. Wife "has the burden of presenting "'allegations of operative facts to demonstrate that she is filing her motion within a reasonable period of time.'"" *Id.*, quoting *McBroom v. McBroom*, 6th Dist. Lucas No. L-03-1027, 2003-Ohio-5198, ¶ 33. "Determining what is a 'reasonable time' for filing a Civ.R. 60(B) motion depends on the facts of the case." *Id.*, quoting *McBroom* at ¶ 34.

{¶ 18} After this court's review of the record, we find that Wife's assertions that she could not have discovered the unconscionable nature of the separation agreement does not demonstrate that she filed her motion within a reasonable period of time. Therefore, Wife's second assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR