[Cite as *Li-Conrad v. Curran*, 2017-Ohio-2722.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

JANE ELIZABETH LI-CONRAD,　　　:　　　**O P I N I O N**

　　　　　Plaintiff-Appellant,　　:

　　　　　- vs -　　　　　　　　　:　　　**CASE NO. 2016-L-099**

CHRISTOPHER P. CURRAN, et al.,　:

　　　　　Defendants-Appellees.　　:

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CV 001227.

Judgment:  Affirmed.

*Jane Elizabeth Li-Conrad*, pro se, 6730 North Palmerston Drive, Mentor, OH  44060 (For Plaintiff-Appellant).

*Joshua T. Morrow*, and *James V. Aveni*, Ranallo & Aveni, L.L.C., 6685 Beta Drive, Cleveland, OH  44143 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Jane Elizabeth Li-Conrad, appeals the trial court's denial of her Civ.R. 60(B) motion for relief from judgment.  She contends that the motion should have been granted because her allegations and evidentiary materials are sufficient to show that appellees, Christopher and Judith Curran, committed fraud in procuring an affidavit submitted in seeking and obtaining summary judgment.  We affirm.

{¶2}    In March 2013, appellees sold their Lake County residence to appellant.

Thereafter, appellant discovered a drywall covered crack in a basement wall. As a result, she brought a civil action against appellees, their real estate agency, and their real estate agents, asserting fraud claims, Ohio Consumer Sales Practice Act violation, and negligent misrepresentation.

{¶3} Appellees moved for summary judgment on all claims, attaching the affidavit of James Nemastil, a home inspector whom appellant hired to inspect the residence before the deal was finalized. Nemastil averred that his report to appellant referred to possible crack problems in the basement's southeast foundation wall.

{¶4} The trial court granted appellees' motion for summary judgment, and the separate motion of the real estate agency and agents. Appellant appealed and we affirmed in all respects in *Li-Conrad v. Curran*, 11th Dist. Lake No. 2015-L-085, 2016-Ohio-1496.

{¶5} Shortly after our decision, appellant moved the trial court for relief from judgment under Civ.R. 60(B)(3) and (B)(5). She maintained that the Nemastil affidavit should not have been considered because it was procured by fraud. In furtherance, she contended that, since Nemastil acted as her agent in conducting the inspection, appellees and their counsel were precluded from ex parte communications with him during discovery.

{¶6} Appellees responded and the trial court overruled appellant's motion. Among other reasons, the court concluded that the challenge to the Nemastil affidavit under 60(B) is precluded from review under the doctrine of res judicata.

{¶7} Appellant asserts one assignment of error for review:

{¶8} "The trial court erred in denying appellant's motion for relief from judgment

2

as untimely."

{¶9} In denying the Civ.R. 60(B) motion, the trial court gave three reasons for its decision, including that appellant's motion was not timely filed. In addition to holding that appellant could not succeed on the merits of her motion, the court also concluded that the substance of the motion was not properly before it because her challenge to the Nemastil affidavit is barred under res judicata. In contesting the trial court's 60(B) ruling, appellant has not addressed this point. Since the court's denial of the motion could have been based on that reason alone, our analysis will be limited to that point.

{¶10} When the Nemastil affidavit was filed in conjunction with appellees' motion for summary judgment, appellant was aware of her relationship with Nemastil. Thus, at that point, she had the opportunity to investigate how appellees' counsel contacted him, determine whether any inappropriate communications occurred, if any, and assert the issue in her summary judgment response. Furthermore, if she disagreed with the trial court's ruling on the issue, she could have raised the point as part of her direct appeal of the summary judgment decision. To this extent, she had an opportunity to litigate her challenge to the affidavit as part of the original summary judgment proceedings.

{¶11} In moving for 60(B) relief, appellant was using her post-judgment motion as a means to request the trial court to reconsider its summary judgment ruling in light of her new challenge to the Nemastil affidavit. However, a Civ.R. 60(B) motion cannot be employed to seek reconsideration of a final judgment. *Stoyer v. Fogelman*, 10th Dist. Franklin No. 12AP-690, 2013-Ohio-1254, ¶5, citing *Naples v. Naples*, 9th Dist. No. 08CA009420, 2009-Ohio-1427, ¶9. Moreover, a motion for reconsideration of a final judgment is not recognized under the Ohio Rules of Civil Procedure; therefore, such a

3

motion is a nullity. *Magyar v. Lightning Rod Mutual Ins. Co., Inc.*, 6th Dist. Erie No. E-95-007, 1995 WL 604608, *5 (Oct. 13, 1995). By failing to contest the propriety of the Nemastil affidavit in her summary judgment response, appellant has waived the issue and, accordingly, is barred under the doctrine of res judicata from asserting it in any post-judgment proceeding.

{¶12} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

4