[Cite as *Wrayno v. Wrayno*, 2018-Ohio-792.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DEBRA M. WRAYNO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-088** |
| JOSEPH R. WRAYNO, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2014 DR 000114.

Judgment: Affirmed.


*Sandra A. Dray*, Sandra A. Dray Co., L.P.A., 1111 Mentor Avenue, Painesville, OH 44077 (For Plaintiff-Appellee).

*David M. Lynch*, 333 Babbitt Road, Suite 333, Euclid, OH 44123 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Joseph R. Wrayno, appeals from the June 12, 2017 judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, which denied appellant's objections and adopted the February 6, 2017 magistrate's decision. For the reasons that follow, the trial court's judgment is affirmed.

{¶2} Appellee, Debra M. Wrayno, filed a complaint for divorce in February 2014. Joseph filed an answer and counterclaim, in which he requested an annulment of the

marriage. He alleged Debra was married to another at the time of the parties' ceremonial marriage and was guilty of bigamy. Joseph subsequently obtained new counsel and withdrew his counterclaim for an annulment. He filed an amended counterclaim for divorce, in which he alleged the parties were incompatible and that Debra was guilty of gross neglect of duty and extreme cruelty.

{¶3} The parties eventually reached a complete agreement of all outstanding issues and were divorced by decree on March 24, 2015; the ground for divorce was having lived separate and apart for greater than one year without interruption. The parties' separation agreement was incorporated into the decree. No appeal was taken.

{¶4} The following year, on March 15, 2016, Joseph filed a motion for contempt and a Civ.R. 60(B) motion for relief from judgment, in which he alleged Debra was married to another at the same time she was married to him and, therefore, she had engaged in fraud by misrepresenting her marital status throughout the parties' divorce proceedings. Debra filed a motion in limine and a motion for sanctions on September 20, 2016. The matter proceeded to a hearing.

{¶5} The magistrate issued a decision on February 6, 2017. Relevant to this appeal, the magistrate determined Joseph's allegation that Debra had engaged in fraud upon the court was barred by res judicata because he should have litigated his claim of bigamy in the underlying proceeding. The magistrate additionally held that, assuming arguendo Joseph's claim of bigamy survived the doctrine of res judicata, he had not established his claim on the merits. Finally, the magistrate held that, assuming arguendo Joseph had established Debra committed bigamy, it did not affect the trial court's authority to grant the parties a divorce, with all its attendant forms of relief. The magistrate also

found that Joseph had acted in bad faith and ordered him to pay Debra's attorney fees related to the post-decree motions.

**{¶6}** Joseph filed objections to the magistrate's decision, which the trial court overruled. By entry on June 12, 2017, the trial court adopted the magistrate's decision and overruled Joseph's Civ.R. 60(B) motion for relief from judgment.

**{¶7}** Appellant filed a timely appeal and raises one assignment of error for our review:

**{¶8}** "The Court committed error in denying the 60(B)(3) Motion filed by Appellant because he proved that the Appellee committed fraud upon the trial court."

**{¶9}** Joseph argues the trial court erred because the manifest weight of the evidence shows that Debra committed a fraud upon the trial court, thus entitling him to relief from judgment.

**{¶10}** Civ.R. 60(B) provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party[.]"

**{¶11}** The decision of whether to grant relief under Civ.R. 60(B) is entrusted to the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987) (citations omitted). Accordingly, we review the decision of the trial court for an abuse of discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶12}** "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.'" *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990) (emphasis sic), quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986). When an argument could have and should have been raised in a complaint as separate grounds for divorce, but it was not, the argument has been waived and cannot be raised by collateral attack. *See, e.g., Snyder v. Snyder*, 5th Dist. Stark No. 2008CA00219, 2009-Ohio-5292, ¶25. Additionally, "[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements*, *supra*, at 62 (citations omitted). *See also Li-Conrad v. Curran*, 11th Dist. Lake No. 2016-L-099, 2017-Ohio-2722, ¶11 (holding an argument that could have been raised in the trial court, but was not, was waived and therefore barred by the doctrine of res judicata in a Civ.R. 60(B) post-judgment proceeding).

**{¶13}** Here, Joseph is attempting to litigate a claim of bigamy, which was required to have been litigated in his countersuit against Debra. He in fact raised this claim in his initial counterclaim and soon after abandoned it, voluntarily, in his amended counterclaim. As Joseph could have litigated those grounds in the underlying proceeding, but chose not to, he cannot now raise it by collateral attack. Joseph affirmatively waived the bigamy issue and, accordingly, is barred under the doctrine of res judicata from asserting it in any post-judgment proceeding. *See id.* at ¶11. We conclude the trial court did not abuse its discretion in overruling Joseph's Civ.R. 60(B) motion.

**{¶14}** Joseph's sole assignment of error is without merit.

4

{¶15} The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.