[Cite as *Ruple v. Ruple*, 2021-Ohio-2884.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

VICTORIA RUPLE,

      Petitioner-Appellee,

- and -

JOHN RUPLE,

      Petitioner-Appellant.

CASE NO. 2021-L-027

Civil Appeal from the
Court of Common Pleas,
Domestic Relations Division

Trial Court No. 2019 DI 000191

## O P I N I O N

Decided: August 23, 2021
Judgment: Affirmed

*James W. Reardon*, Carrabine & Reardon Co., LPA, 7445 Center Street, Mentor, OH 44060 (For Petitioner-Appellee).

*Kenneth J. Cahill*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Petitioner-Appellant).

THOMAS R. WRIGHT, J.

{¶1}  Appellant, John Ruple ("Husband"), appeals the judgment overruling his objections, denying his motion for relief from judgment, and finding him in contempt. We affirm.

{¶2}  In June 2019, the parties obtained a dissolution that incorporated their separation agreement. In relevant provisions, the separation agreement provided (1) the parties would be liable for the debts in their personal names, (2) Husband would retain ownership of several business entities, including Chagrin Valley Steel Erectors, as well

as rental properties, (3) Husband would be solely responsible for any debts associated with the properties, and (4) the parties would retain the assistance of an accountant to ascertain the most advantageous method of filing their 2018 taxes and equally divide any refund.

{¶3} After the dissolution decree was entered, the parties' accountant prepared the parties' personal joint income tax return, and the refunds totaled nearly $33,000. The accountant opted for the refunds to be issued on paper checks in both parties' names. In October 2019, Wife moved the court to find Husband in contempt for his failure to comply with the decree by refusing to sign the tax refund checks and by failing to pay two credit cards that were used for the businesses. In December 2019, Husband filed a motion for relief from the dissolution decree pursuant to Civ.R. 60(B), arguing that the parties were mutually mistaken as to the amount of the 2018 tax refund.

{¶4} The matter proceeded to hearing before the magistrate. With respect to the credit card issue, during opening statements, Wife's counsel withdrew the portion of her motion pertaining to one of the cards because it was not included in her credit report, and nonpayment was not adversely affecting her.

{¶5} Thereafter, the magistrate issued a decision denying Husband's motion and finding him in contempt. Husband filed objections, which the trial court overruled. The trial court adopted the magistrate's decision and entered judgment.

{¶6} In his first assigned error, Husband maintains:

{¶7} "As a matter of law the trial court erred in denying plaintiff's motion for relief from judgment pursuant to Civil Rule 60(B)."

{¶8} Civ.R. 60(B) provides, in relevant part:

2

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶9} To prevail on a motion pursuant to Civ.R. 60(B), the moving party must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶10} "In addition to the Civ.R. 60(B) requirements for modification, the divorce and dissolution statutes contain certain statutory restrictions that limit the authority of a trial court to modify a final decree." *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460, ¶ 19, citing R.C. 3105.171(I); 3105.18(E); 3105.63(A) and (C). In *Walsh*, the Ohio Supreme Court held, "Civ.R. 60(B) cannot be used to alter the statutory requirements for the modification of a decree. Because R.C. 3105.171(I) does not permit modification absent the consent of both parties, Civ.R. 60(B) cannot provide a workaround." *Walsh* at ¶ 23; *see* R.C. 3105.171(I) (In divorce and legal separation

3

Case No. 2021-L-027

proceedings, "[a] division or disbursement of property * * * is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses."). Likewise, in dissolution proceedings, "the court may modify the division of property provided in the separation agreement only upon the express written consent or agreement of both spouses." R.C. 3105.65(B). R.C. 3105.63(C)(2) provides, "[i]f a petition for dissolution of marriage contains an authorization for the court to modify the division of property provided in the separation agreement, the modification shall be made with the express written consent or agreement of both spouses."

{¶11} Here, in the parties' separation agreement, they agreed to division of their 2018 tax refunds as follows:

> The parties agree that they will consult with accountant, Michael Stefanek and shall file their State and Federal returns for tax year 2018 in the manner most advantageous to them. Any net tax refunds shall be divided equally between the parties after the payment of tax preparation.
>
> Any outstanding State or Federal tax liability shall be paid utilizing the parties joint Third Federal savings account as enunciated in paragraph 7(A) of this Agreement.

Moreover, the parties' separation agreement provides that "[t]he agreement shall not be altered, changed or modified, unless done so in writing, and signed by both parties."

{¶12} Husband attempted to utilize Civ.R. 60(B) to modify the decree, arguing that his business losses primarily generated the large tax refund, and the parties were unaware of the amount of the refund at the time of signing the separation agreement. Neither the parties nor the trial court explicitly addressed whether Civ.R. 60(B) was an available procedural mechanism to employ in this case. However, this issue is dispositive

4

Case No. 2021-L-027

of Husband's motion. Because the parties did not authorize the court to modify the separation agreement, the modification is precluded by statute, and Civ.R. 60(B) cannot be used as "a workaround." R.C. 3105.63(C)(2); R.C. 3105.65(B); *Walsh*, 2019-Ohio-3723, at ¶ 23. For this reason, we conclude that Husband's Civ.R. 60(B) motion was properly denied. *See Geneva v. Fende*, 11th Dist. Ashtabula No. 2009-A-0023, 2009-Ohio-6380, ¶ 33 ("[R]eviewing courts affirm and reverse judgments, not the reasons for the judgments.").

{¶13} Accordingly, Husband's first assigned error lacks merit.

{¶14} In his second assigned error, Husband maintains:

{¶15} "The trial court inconsistently applied the law in this matter, and thus, erred as a matter of law."

{¶16} In his second assigned error, Husband argues that the trial court erred in relying on extrinsic evidence relative to the Capital One debt, when it did not rely on extrinsic evidence with respect to the tax refund, when resolving the disputes as to the separation agreement.

{¶17} However, unlike Husband, Wife did not seek to modify the terms of the agreement. *See Ross v. Ross*, 11th Dist. Geauga No. 2019-G-0237, 2020-Ohio-5237, ¶ 17, quoting *Nash v. Nash*, 11th Dist. Lake No. 93-L-184, 1994 WL 721849, *2 (Dec. 9, 1994) ("'[W]here there is good faith confusion over the requirements of a dissolution decree, the court has the power to enforce its decree, to hear the matter, to clarify the confusion, and resolve the dispute.'"). Instead, she requested the trial court to enforce the agreement by holding Husband in contempt for failing to pay a Capital One credit card debt, which Wife maintained was a business debt for which Husband is responsible under

5

the agreement. In response, Husband argued that the card constituted Wife's personal debt, for which she is solely responsible because she signed for the card.

{¶18} The parties' arguments regarding the Capital One debt implicate two provisions of the separation agreement. First, with respect to personal debts, the parties agreed as follows:

> Each of the parties shall be solely responsible for any debts incurred in their own names as of December 31, 2018, and specifically Wife shall be responsible for and shall indemnify and hold Husband harmless from her Key Bank credit card, BJ's credit card and the debt to Lincoln Auto for her 2016 Lincoln. Husband shall be solely responsible for and shall indemnify and hold Wife harmless from the Fifth Third credit card debt.
>
> The parties agree to close and destroy any joint marital credit cards and shall not encumber said credit cards further.

{¶19} With respect to the businesses and rental properties, the parties agreed that Husband would retain these properties, and the agreement provided:

> Husband shall be solely responsible for and shall indemnify and hold Wife harmless of any debts, taxes, insurance, claims, mortgages, equity lines of credit or encumbrances and forbearances of any nature associated with the above properties.
>
> The parties acknowledge that Wife previously resigned all positions held within the above cited companies; that she relinquished any and all rights, title and interest to any common stock and value of said companies and real properties together with, but not limited to any vehicles, equipment, inventory, etc.

{¶20} As the separation agreement did not specifically list the Capital One card as a debt allocated to Wife, and the agreement did not specifically identify the business debts, all of which were allocated to Husband, evidence was required, not to interpret the agreement, but to determine which provision of the separation agreement applied to the

6

Case No. 2021-L-027

Capital One debt. With respect to the Capital One debt, the evidence presented at the magistrate's hearing established: the application for the card lists "Chagrin Valley Steel Erectors Inc." as the business name, lists Wife as the "Authorizing Signatory Name," and was signed by Wife when she served as president of Chagrin Valley Steel Erectors; the credit card statements were addressed to "Victoria S. Ruple" followed on the next line by "Chagrin Valley Steel Erectors Inc"; the card was used only for business purposes; *business employees continued to use the credit card after the dissolution*; and the business continued to pay the credit card bill until it could no longer afford payments. It was not inconsistent for the trial court to both (1) reject Husband's attempt to use extrinsic evidence to modify the unambiguous tax provision, and (2) consider extrinsic evidence regarding the Capital One debt to determine the allocation of the debt in accordance with the separation agreement. Husband's second assigned error lacks merit.

{¶21} In his third assigned error, Husband argues:

{¶22} "As a matter of law the trial court erred by improperly finding Husband in contempt of court."

{¶23} In his final assigned error, Husband contends that the trial court erred in finding him in contempt for failing to cooperate in equal division of the tax refund because the agreement contained no date by which he was required to comply.

{¶24} Husband did not raise this argument in his objections to the magistrate's decision finding him in contempt. Civ.R. 53(D)(3)(b)(iv) states, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [in a magistrate's decision], whether or not specifically designated as

7

a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

> In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

(Citations omitted.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

{¶25} Husband has not advanced a plain error argument on appeal. Further, we cannot say this is one of the "extremely rare cases where exceptional circumstances" require application of the plain error doctrine "to prevent a manifest miscarriage of justice." *See id.* Accordingly, Husband's third assigned error lacks merit.

{¶26} The judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

8

Case No. 2021-L-027