[Cite as *In re Z.A.D.*, 2022-Ohio-4049.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

Z.A.D.

**CASE NO. 2022-T-0052**

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2021 JS 00076

**O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

*Frankie L. Davis, Jr.*, pro se, 951 West 11th Street, 2nd Floor, Erie, PA 16502 (Plaintiff-Appellant).

*John E. Fowler, II*, Fowler, Goodman & O'Brien, LPA, Inc., 119 West Market Street, Warren, OH 44481 (For Defendant-Appellee).

*Charles A.J. Strader*, Attorney Charles Strader, LLC, 175 Franklin Street, S.E., Warren, OH 44481 (Guardian ad litem).

THOMAS R. WRIGHT, P.J.

{¶1} The matter before us, initiated in May 2021, involves parental rights and child support of the parties' minor child. Appellant, Frankie L. Davis, Jr. ("Father"), appeals an entry adopting a magistrate's decision and ruling in favor of appellee, Soncavia Z. Brown ("Mother"), on multiple motions filed by the parties. We affirm.

{¶2} On April 25, 2022, trial was held before the magistrate on reciprocal motions to modify Father's parenting time; Father's motion to modify child support and other child-

related expenses; Mother's motion to find Father in contempt for child support arrears; and Father's motion to find Mother in contempt for failure to comply with a court order regarding access to the child's medical records.

{¶3} The magistrate issued a decision on May 23, 2022, which was adopted by the trial court that same day. The ruling granted Mother's motions and denied Father's motions. Father appeals and asserts two assignments of error. Mother has not responded on appeal.

{¶4} In his first assigned error, Father argues:

{¶5} "The ruling does not go with the court appoint [sic] recommendations of GAL for minor child Z.A.D. for 'maximizing the quality of time each parent would be able to spend with minor child Z.A.D.'"

{¶6} Father contends that the trial court failed to consider the guardian ad litem's recommendations when it ruled in favor of Mother on the motions to modify parenting time. Dispositive, however, is the fact that Father did not file objections to the magistrate's decision.

{¶7} Juv.R. 40(D)(3)(b)(iv) states, "*Except for a claim of plain error*, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [in a magistrate's decision], whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." (Emphasis added.)

> "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material

2

> adverse effect on the character of, and public confidence in, judicial proceedings."

*Ruple v. Ruple*, 11th Dist. Lake No. 2021-L-027, 2021-Ohio-2884, ¶ 24, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

{¶8}   Father has not advanced a plain error argument on appeal.  Further, it has not been demonstrated that this is one of the "extremely rare cases where exceptional circumstances" require application of the plain error doctrine "to prevent a manifest miscarriage of justice."  *See Goldfuss* at 121.

{¶9}   Father's first assigned error lacks merit.

{¶10}  In his second assigned error, Father states:

{¶11}  "Natural father filed for contempt of court of natural mother for with-holding [sic] minor child Z.A.D. for 72 days."

{¶12}  Father contends that the trial court erred in not ruling on his motion to find Mother in contempt for violating a visitation order.  Father filed said motion on October 18, 2021, along with motions for modification of parenting time and child support.  A hearing was held before the magistrate on November 1, 2021.  In an order dated November 2, 2021, the magistrate modified Father's parenting time with the child, noting that "Father report[ed] that he has not seen [the minor child] in 72 days, and the Guardian Ad Litem confirm[ed] that Mother has not been taking [the minor child] to the exchange location as presently ordered."  Although the magistrate did not expressly find Mother in contempt, the order did address Father's concerns, provided redress regarding visitation, and implicitly overruled Father's motion for contempt.

{¶13}  Father did not move to set aside the magistrate's order, thereby forfeiting any challenge to this order on appeal.  *See* Juv.R. 40(D)(2)(b) ("Any party may file a

3

motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed."); *see also Smith v. Smith*, 10th Dist. Franklin No. 18AP-190, 2019-Ohio-114, ¶ 10 ("Ohio courts have held that if a party does not move to set aside a magistrate's order, that party has waived a challenge to that order on appeal." (Citations omitted.)). Accordingly, because Father's motion was addressed by way of a magistrate's order that Father did not move to set aside, the argument in his second assigned error that his motion was never ruled on is not well taken.

{¶14} Father's second assigned error is without merit.

{¶15} The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.